THE JUSTICE MINING COMPANY ET AL. v. LEE.

1. PUBLIC LANDS—ALIENS.

The mineral lands of the United States are open to location and purchase only by a citizen of the United States or one who has declared his intention to become such.

2. SAME—JURISDICTION OF LAND DEPARTMENT.

The land department was established to supervise the various proceedings whereby a conveyance of the title from the United States to portions of the public domain is obtained, and to see that the requirements of the different acts of congress are fully complied with. It must consider and pass upon the qualifications of the applicant, the acts he has performed to secure the title, the nature of the land, and whether it is of the class which is open to sale. Its judgment upon these matters is unassailable, except by direct proceedings for its annulment or limitation.

3. SAME—COLLATERAL ATTACK.

After the grant of title or its equivalent is made to an alien, it cannot be attacked by any third party.

4. SAME.

While proceedings for acquisition of title to a portion of the mineral land of the United States are pending in the land office, that department has exclusive jurisdiction of the matter, and any attempt on the part of the courts to control its action would be an unwarranted assumption of jurisdiction, under the circumstances of this case.

*Appeal from the Court of Appeals.*

THIS case was brought into this court by appeal from a judgment of the court of appeals rendered in the case of *Lee v. The Justice Mining Company*, at the April term, 1892. See opinion, 2 Colo. App. 112. The record consists of the complaint and a demurrer thereto, which are fully set out in the statement of the case preceding that opinion. The complaint is in substance as follows:

That the plaintiff Lee, on the 20th day of May, 1887, made a valid location of the Aftermath lode mining claim. That on the 8th day of October, 1885, Edwin Doust, being then and ever since an alien, located the Justice mining claim. That this claim covers and conflicts, to the extent of 300

feet in width and 500 feet in length, with the ground included in the Aftermath location. That Doust, on the 13th day of October, 1885, entered into a contract to sell and transfer the Justice mining claim to one Lawson, also an alien, and on that date executed a deed without any consideration therefor to John W. Richards, who was a citizen of the United States, and solely for the purpose of having Richards procure a patent from the government. That concurrently with the deed, and in execution of the agreement to transfer the title to Lawson, Richards executed a title bond to said Lawson, whereby he agreed to convey to him the Justice mining claim, with other properties, for certain considerations therein named. That said Richards made application for patent, and on the 20th day of February, 1886, commenced his advertisement therefor. Said publication was completed on April 23, 1886. On the 30th day of April, 1886, The Justice Mining Company was organized and incorporated, with a nominal capital of $100,000; and on that day Richards executed a deed for the Justice mining claim for a nominal consideration to Joseph Ruse, as trustee for said company, which was recorded June 11, 1887. That the receiver's receipt was issued to Richards on June 14, 1887. Ruse thereafter conveyed the title held by him to The Justice Mining Company in consideration of 56,000 shares of the capital stock. That by reason of the foregoing facts the title to the ground in controversy, by reason of his location of the Aftermath, became vested in plaintiff prior to the transfer by the trustee to The Justice Mining Company. That said receiver's receipt is a cloud upon his title, and asks that it, together with all the deeds mentioned, be canceled and held for naught. The court below sustained the demurrer to the complaint and dismissed the action at the cost of plaintiff. The court of appeals, by a majority opinion (Judge Bissell not sitting), reversed this judgment.

Mr. A. W. RUCKER, for appellants.

Mr. A. T. GUNNELL, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

We think the learned judge who delivered the opinion of the court of appeals was in error in assuming that the record in the case presented a question as to the right of an alien to acquire by location a transferable interest in a mining claim. That question, under the facts presented, could not be raised by the plaintiff. While it is true that the mineral lands of the government are open to location and purchase only by a citizen of the United States, or one who has declared his intention to become such, and the fact of alienage, if raised at the proper time by any one adversely interested, will defeat the acquirement of title thereto, yet the qualifications of an applicant for a patent, as well as the fact of discovery and the compliance on his part with other requirements made essential by the act of congress to entitle him to purchase the mineral land of the government, being cognizable by the officers of the land department, when in the exercise of their jurisdiction they approve the application and allow an entry, the fact of citizenship, as well as all other questions of fact, is presumed to have been established, and is not open to review by the courts at the instance of third parties.

As was said by Justice Field, speaking for the court in *Steel v. Smelting Co.*, 106 U. S. 447 :

" We have so often had occasion to speak of the land department, the object of its creation, and the powers it possesses in the alienation by patent of portions of the public lands, that it creates an unpleasant surprise to find that counsel, in discussing the effect to be given to the action of that department, overlook our decisions on the subject. That department, as we have repeatedly said, was established to supervise the various proceedings whereby a conveyance of the title from the United States to portions of the public domain is obtained, and to see that the require-

ments of different acts of congress are fully complied with. Necessarily, therefore, it must consider and pass upon the *qualifications of the applicant*, the acts he has performed to secure the title, the nature of the land, and whether it is of the class which is open to sale. Its judgment upon these matters is that of a special tribunal, and is unassailable except by direct proceedings for its annulment or limitation."

It is now too well settled to admit of discussion, that after the "grant of title, or the equivalent, is made to an alien, it cannot be attacked by any third party." *Billings v. Aspen M. & S. Co.*, 52 Fed. Rep. 250; *Governeur's Heirs v. Robertson*, 11 Wheat. 332; *Craig v. Leslie*, 3 Wheat. 563.

If the right of a third party to attack the validity of a patent when issued, upon the ground of the alienage of the patentee, was a debatable question, it is clear that the present action was prematurely brought. At the time of its commencement the proceedings in the land office were yet pending, and that department had exclusive jurisdiction of the matter, and any attempt on the part of the courts to control its action would be an unwarranted assumption of jurisdiction, under the circumstances. In either view, this action cannot be maintained, and the demurrer should be sustained. The judgment of the court of appeals must therefore be reversed and the cause remanded, with directions to affirm the judgment of the district court.

*Reversed and remanded.*